UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY McGRAW,

    Plaintiff,

v.                                                            CASE NO. 8:15-cv-1327-T-23MAP

COURTESY VALET CORPORATION,

    Defendant.
_____/

**ORDER**

    Jeffrey McGraw sues (Doc. 1) his former employer under the Fair Labor Standards Act (FLSA) for "all wages owed, an equal amount in liquidated damages, payment of his attorney's fees and costs, and . . . other relief." The parties file a "joint stipulation for dismissal with prejudice" (Doc. 21) under Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure, but fail to submit for court approval a settlement of this action.

    "If the dismissal sought by the Parties were without prejudice, the Court would agree that approval would not be necessary . . . [because the] Plaintiff would not be foreclosing her ability to vindicate any FLSA claim she may have by refiling at a later time." *Perez-Nunez v. N. Broward Hosp. Dist.*, 609 F. Supp. 2d 1319, 1320 (S.D. Fla. 2009) (Moore, J.); *see also Appleby v. Hickman Const., Inc.*, 2013 WL 1197758, at *1 (N.D. Fla. Mar. 25, 2013) (Rogers, J.); *Kerr v. Powerplay Arcade, Inc.*, 2007 WL 3307091, at *1 (M.D. Fla. Nov. 6, 2007) (Fawsett, J.).

However, the parties seek dismissal with prejudice. Thus, under the FLSA, "the district court ha[s] a duty to review the" settlement. *Silva v. Miller*, 307 Fed. Appx. 349, 350, 352 (11th Cir. 2009) (per curiam); *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (applying the duty "to settlements between former employees and employers"); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) ("[T]he [FLSA] provisions are not subject to negotiation or bargaining between employers and employees.").

In attempting to dismiss this action with prejudice without court approval of their settlement, the parties incorrectly rely on *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012), which holds "that a stipulation filed pursuant to [Rule 41(a)(1)(A)(ii)] is self-executing and dismisses the case upon its becoming effective." However, the "Federal Rules of Civil Procedure do not overrule the FLSA's substantive requirement of a court-approved settlement," and *Anago Franchising* "did not involve the FLSA, with its statutory mandate of judicial review and approval." *Santos v. Gomez, LLC*, 2013 WL 4523492, at *1 (M.D. Fla. Aug. 23, 2013) (Steele, J.).

Accordingly, the "joint stipulation" (Doc. 21) is **DENIED**. No later than **OCTOBER 5, 2015**, the parties may either (1) stipulate to dismissal without prejudice or (2) move for court approval of a settlement of this action. The motion must specify which portion of the settlement resolves each request for relief under the

FLSA.  The September 4, 2015 order (Doc. 20) is **VACATED**.  The clerk is directed to re-open the case.

ORDERED in Tampa, Florida, on September 28, 2015.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE